AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

United States of America
v.
Alejandro Solis

*Defendant(s)*

Case No. 2:26-MJ-279

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 8th, 2026, July 28th, 2026, & August 19th, 2026 in the county of Lake in the Northern District of Indiana, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 21 U.S.C § 841(a)(1) | Knowingly or Intentionally Distribute a Controlled Substance |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

Jacob D. Kerwin
*Complainant's signature*

Special Agent Jacob Kerwin, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: 10/14/2026

s/Andrew P. Rodovich
*Judge's signature*

City and state: Hammond, IN

Hon. Andrew Rodovich, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF FEDERAL COMPLAINT

I, Jacob Kerwin, being duly sworn, hereby depose and state as follows:

I am a Special Agent with the Federal Bureau of Investigation and have been since 2018. I am a Special Agent within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. My current assignment is to the FBI Gang Response Investigative Team (GRIT) Task Force, and my prior assignment was to a Safe Streets Task Force in Chicago, IL where I worked gang, drug, and violent crime investigations. Prior to my assignment with the FBI, I was a sworn Police Officer in the State of Indiana from 2011-2018, during which time I was involved in numerous investigations into violent crimes and into the illicit sale of controlled substances as a Narcotics Detective. During my assignment to the FBI, I have been involved in numerous drug investigations utilizing different investigative techniques, including interviews and interrogations, source recruitment and handling, surveillance, and surreptitious recording devices, among others. I have participated in numerous large-scale drug investigations to include wiretap investigations. These wiretap investigations have included large-scale organizations as well as smaller-scale, street level investigations. I have experience in investigating drug trafficking organizations distributing cocaine, marijuana,

methamphetamine, heroin, fentanyl, and crack-cocaine. Through my training, education, and experience, I have been familiarized with the manner in which narcotics dealers conduct their business and utilize cellular telephones. My experience as a Special Agent includes, but is not limited to, conducting physical surveillance, interviewing witnesses, authoring affidavits and executing search warrants, working with undercover agents and informants, issuing administrative and federal grand jury subpoenas, analyzing phone toll records, financial records, and analyzing data derived from the use of pen registers and trap and traces.

1. The information contained in this affidavit is based upon my firsthand knowledge and the information provided by other law enforcement officers and witnesses. This affidavit is being submitted for the limited purpose of establishing probable cause, and it therefore contains only a summary of the relevant facts. I have not included each and every fact known to me concerning this investigation.

2. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that on July 8th, 2026, July 28th, 2026, and August 19th, 2026, in the Northern District of Indiana, Alejandro Solis did knowingly or intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## SUMMARY OF PROBABLE CAUSE

3. On July 8th, 2026, investigators utilized the confidential human source (hereinafter "CHS") to complete a controlled purchase of approximately 4.4 gross grams of suspected cocaine, which field-tested positive for the presence of cocaine, from Solis in exchange for approximately $160 in Whiting, Indiana. The transaction was coordinated by the CHS contacting Solis on his known cell phone number. Prior to and after the controlled purchase, the CHS was searched by investigators for additional funds and contraband with negative results. During the controlled purchase, the CHS had a recording device, and the controlled purchase was video recorded. The CHS was maintained under surveillance by investigators during the controlled purchase. Solis met the CHS at a prearranged location in Whiting, Indiana, and the CHS entered Solis' vehicle, a 2022 Cadillac XT6, bearing Indiana license plate EJB634, which according to the Indiana Bureau of Motor Vehicles, is registered to Solis. In the vehicle, Solis provided the CHS approximately 4.4 gross grams of cocaine in exchange for $160, after which the CHS exited the vehicle. The CHS left the location and provided investigators with the suspected cocaine Solis sold to the CHS. From the time the CHS left the presence of investigators, prior to the controlled purchase to the time the CHS returned to investigators at the meet location directly after the controlled purchase, the CHS did not meet with anyone else or stop anywhere else and was kept under constant surveillance.

The suspected cocaine field-tested positive for the presence of cocaine and was determined to have an approximate weight of 4.4 gross grams.

4. On July 28th, 2026, investigators utilized the CHS to complete a controlled purchase of approximately 7.85 gross grams of suspected cocaine which field-tested positive for the presence of cocaine, from Solis in exchange for approximately $260. The transaction was coordinated by the CHS contacting Solis on the Solis' cell phone while in the presence of investigators. Prior to and after the controlled purchase, the CHS was searched by investigators for additional funds and contraband with negative results. During the controlled purchase, the CHS had a recording device, and the controlled purchase was video recorded. The CHS was maintained under surveillance by investigators during the controlled purchase. Once Solis arrived at the prearranged meeting location in Whiting, Indiana, the CHS entered the Solis' Cadillac and exchanged the $260 for approximately 7.85 gross grams of cocaine. The CHS then exited the vehicle. The CHS, while under constant surveillance, traveled back to a predetermined meeting location and provided investigators with the suspected cocaine Solis sold to the CHS. Prior to and after the controlled purchase, the CHS did not meet with anyone else or stop anywhere else. The suspected cocaine field-tested positive for the presence of cocaine and was determined to have an approximate weight of 7.85 gross grams.

5. On August 19th, 2026, investigators utilized the CHS to complete a controlled purchase of approximately 4.75 gross grams of suspected cocaine which field-tested positive for the presence of cocaine from Solis in exchange for approximately $160 in Whiting, Indiana. The transaction was coordinated by the CHS contacting Solis on the Solis' phone directly prior to the controlled purchase. Prior to and after the controlled purchase, the CHS was searched by investigators for additional funds and contraband with negative results. During the controlled purchase, the CHS had a recording device, and the controlled purchase was video recorded. The CHS was maintained under surveillance by investigators during the controlled purchase. Once at the purchase location, the CHS entered Solis' Cadillac and exchanged the $160 for approximately 4.75 gross grams of suspected cocaine with Solis. The CHS traveled back to the predetermined meeting location while under constant surveillance. The CHS provided investigators with the suspected cocaine Solis sold to the CHS. From the time the CHS left the presence of investigators prior to the controlled purchase to the time the CHS returned to investigators at the meet location directly after the controlled purchase, the CHS did not meet with anyone else or stop anywhere else. The suspected cocaine field-tested positive for the presence of cocaine and was determined to have an approximate weight of 4.4 gross grams.

**CONCLUSION**

6. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that on July 8th, 2026, July 28th, 2026, and August 19th, 2026, in the Northern District of Indiana, Alejandro Solis did knowingly or intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NOT.

Jacob D. Kerwin

Jacob Kerwin
Special Agent
Federal Bureau of Investigation

This affidavit and accompanying warrant have been transmitted to me electronically and the affiant has verbally attested to the truth and accuracy of the contents via telephone this 14th day of October 2026.

s/Andrew P. Rodovich

HONORABLE ANDREW P. RODOVICH
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA